IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02730-CMA-MEH

MATTHEW SNIDER, and
JEANETTE SNIDER,

      Plaintiffs,

v.

BAC HOME LOANS SERVICE, LP, and
FEDERAL HOME LOAN MORTGAGE CORPORATION,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 23, 2010.**

      Plaintiffs' Application for Temporary Order and Application for Temporary Injunction [filed November 19, 2010; docket #8] is **denied without prejudice**.

      The Court finds that Plaintiffs have failed to meet the requirements for issuing a Temporary Restraining Order without notice to Defendants pursuant to Fed. R. Civ. P. 65(b)(1). *See* Motion at ¶ 11. The Plaintiffs have filed no affidavits nor a verified complaint in this matter, there is no specific information concerning the immediacy of Plaintiffs' request, and they have failed to certify any efforts made to give notice to the Defendants and reasons why it should not be required.

      In addition, the motion fails to comply with D.C. Colo. LCivR 65.1 in that Plaintiffs have failed to certify[1] that actual notice of the time of filing the motion and copies of all pleading and papers filed in the action to date have been furnished to the Defendants, or that Plaintiffs have made efforts to provide such notice; moreover, the Plaintiffs have failed to submit a proposed temporary restraining order with the motion.

      Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). The court should not be the *pro se* litigant's advocate. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] While a certificate of *mailing* is attached to the motion, it is unsigned.