IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02730-CMA-MEH

MATTHEW SNIDER, and
JEANETTE SNIDER,

    Plaintiffs,

v.

BAC HOME LOANS SERVICE, LP, and
FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Defendants.

---

# RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiffs' failure to appear at the Scheduling Conference and failure to respond to this Court's Order to Show Cause for his failure to appear. The Court recommends that, for the reasons stated herein, this case be **dismissed with prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## **BACKGROUND**

This action was removed from state court on November 8, 2010. The Plaintiffs are proceeding *pro se*. On November 10, 2010, this Court set the Scheduling Conference in this case for January 5, 2011, and ordered that the parties participate in a conference pursuant to Fed. R. Civ. P. 26(f) on or before December 15, 2010. Docket #4.

On November 30, 2010, the Plaintiffs filed an Amended Complaint and a Motion for Temporary Restraining Order, Temporary Injunction and Permanent Injunction. Dockets #11, #12. The briefing on the motion was complete on December 10, 2010, and the motion remains pending. On December 14, 2010, the Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint. Docket #20. Plaintiffs have not responded to the motion within the time allowed by D.C. Colo. LCivR 7.1C. Defendants' motion remains pending before the Court.

On December 29, 2010, Defendants timely filed a proposed Scheduling Order that contains input from all parties. Docket #27. Defense counsel appeared at the January 5, 2011 Scheduling Conference and informed the Court that Plaintiff Matthew Snider participated in the required Rule 26(f) conference saying that he "represented" Plaintiff Jeanette Snider, but Ms. Snider did not herself participate. The Plaintiffs did not appear at the conference. Consequently, on January 6, 2011, this Court issued an order directing the Plaintiffs to show cause in writing on or before January 19, 2011 why this case should not be dismissed for their failure to prosecute the action. Docket #38. Plaintiffs were advised that their failure to timely respond to the Order to Show Cause would result in this Court issuing a recommendation to dismiss the action for failure to prosecute. *Id.* The Plaintiffs did not respond and have failed to request an extension of time within which to respond.

The Court notes that several mailings from this Court were returned as undeliverable to the Plaintiffs. However, the order setting the Scheduling Conference (docket #4) was not returned. In addition, while the original Order to Show Cause was eventually returned, the Clerk of the Court re-sent the order on January 10, 2011 (docket #44) to the Plaintiffs at the new address provided by the Plaintiffs that same day (docket #40). The "re-sent" order has not been returned.

## **DISCUSSION**

Although Plaintiffs are proceeding in this case without an attorney, they bear the responsibility of prosecuting this case with due diligence. In accordance with federal and local rules, Plaintiffs' response to the Motion to Dismiss in this matter was due to be filed on or before January 7, 2011. As noted previously, no response was filed by the Plaintiffs. Additionally, there has been no request for an extension of time in which to file a response. Such conduct reflects disinterest in the case. Furthermore, Plaintiff Jeanette Snider failed to participate in the Rule 26(f) conference[2] and both Plaintiffs failed to appear at the required Rule 16 Scheduling Conference. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E.*

---

[2] A *pro se* litigant may not represent other *pro se* litigants in federal court. 28 U.S.C. § 1654.

*Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).  However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009).  The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

Considering the first factor, the Court finds that Plaintiffs' lack of cooperation and diligence in this case has caused the Defendants prejudice because they have been deprived of information and documents necessary to defend against Plaintiffs' claims. Moreover, Plaintiffs' lack of response to this Court's orders and failure to participate has interfered with the judicial process in that the

Court has been unable to issue a Scheduling Order in this case. Additionally, the necessity in issuing an Order to Show Cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, the Plaintiffs have provided no justification for their failures to respond to Court orders and to participate in the litigation; therefore, their culpability is evident. Plaintiffs were warned in the Order to Show Cause that the Court would recommend dismissal for their failure to prosecute; yet, they have made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. The Plaintiffs have essentially abandoned this litigation;[3] thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

## **CONCLUSION**

The Plaintiffs appear to have abandoned their claims in this matter. They have failed to prosecute the case with due diligence by their failures to appear at the January 5, 2011 Scheduling Conference and failure to respond to this Court's Order to Show Cause. Moreover, their failure to respond to the Defendants' Motion to Dismiss, or to properly request an extension of time to respond if they were unable to do so in a timely manner, reflects disinterest in the case. For these reasons, dismissal of this action against the Defendants is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully RECOMMEND that the District Court dismiss this case with prejudice for Plaintiffs' failure to prosecute this action, and deny Plaintiff's Motion for Temporary Restraining Order,

---

[3]The Plaintiffs filed a Notice of Change of Address and a "Motion for Pro Bono" on January 7, 2011, but have filed nothing in this case since that time.

Motion for Temporary & Permanent Injunction [filed November 30, 2010; docket #11], Defendants' Motion to Dismiss First Amended Complaint [filed December 14, 2010; docket #20], and Plaintiffs' Emergency Motion to Set Aside Sale, Vacate Default Judgement and Allow Defendants [sic] Back in Their Home [filed December 21, 2010; docket #24] as moot.

Dated this 26th day of January, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge